UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61306-CIV-COHN/SELTZER

TINA ADAMS,

    Plaintiff,

v.

JUMPSTART WIRELESS CORPORATION, a Florida corporation, JEFFREY BONAR, an individual, NANCI BONAR, an individual, and DAVID GING, an individual,

    Defendants.
_____/

## ORDER ON MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant Nanci Bonar's Affirmative Defenses [DE 31], Plaintiff's Motion to Strike Defendant Ging's Affirmative Defenses [DE 32], Plaintiff's Motion to Strike Defendant Jeffrey Bonar's Affirmative Defenses [DE 33], and Plaintiff's Motion to Strike Defendant Jumpstart Wireless Corp.'s Affirmative Defenses [DE 34] ("Motions"). The Court has considered the Motions, Defendants' Opposition [DE 43], and Plaintiff's Reply [DE 46], and is otherwise advised in the premises.

### I.   BACKGROUND

In this action, Plaintiff alleges that Defendants hired her as an employee to promote, market, and sell Defendants' products. DE 19 ¶ 2. Plaintiff contends that Defendants failed to compensate her in accordance with their agreement. Id. Plaintiff brings numerous claims on this basis: (1) Recovery of Minimum Wages under the Fair

Labor Standards Act; (2) Breach of Contract; (3) Unjust Enrichment/Implied-in-Law Contract; and (4) Attorneys' Fees pursuant to Fla. Stat. § 448.08. DE 19 ¶¶ 32-61.

Defendants filed their Answers and Affirmative Defenses on August 15, 2013. Each Defendant asserted twenty-five affirmative defenses substantially identical to the affirmative defenses of the other Defendants. DE 21 ¶¶ 62-91 (Ging); DE 22 ¶¶ 62-91 (Jumpstart); DE 23 ¶¶ 62-91 (J. Bonar); DE 24 ¶¶ 62-91 (N. Bonar). Defendant Nanci Bonar also asserted a twenty-sixth affirmative defense for lack of corporate control. DE 24 ¶ 92. Plaintiff subsequently filed the Motions seeking to strike all of Defendants' affirmative defenses, arguing that Defendants have pled an insufficient factual basis for their defenses, and that many of the defenses are not affirmative defenses at all, but are simply factual denials. DE 31 at 3-4.[1]

## II.  LEGAL STANDARD

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). Accordingly, motions to strike are usually "denied unless

---

[1] The twenty-five affirmative defenses of each Defendant are substantially identical and are numbered identically, with the exception of Defendant Nanci Bonar, who asserts an additional twenty-sixth affirmative defense. See DE 24 ¶¶ 62-92. The arguments of the parties are also substantially identical with respect to each Defendant's defenses. For the sake of brevity, in referring to the arguments of the parties not contained in omnibus filings, the Court shall cite only to those docket entries pertaining to Defendant Nanci Bonar, which address all twenty-six of the affirmative defenses in this action. See DE 24 (Answer and Affirmative Defenses of Defendant Nanci Bonar to the First Amended Complaint); DE 31 (Plaintiff's Motion to Strike Defendant Nanci Bonar's Affirmative Defenses).

the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id. (internal quotation marks omitted); see also In re Se. Banking Corp. Sec. & Loan Loss Reserves Litig., 147 F. Supp. 2d. 1348, 1355 (S.D. Fla. 2001).

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988). An affirmative defense will only be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted). In evaluating the sufficiency of an affirmative defense, the Court should not consider matters beyond the pleadings. Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, No. 09-61490, 2010 U.S. Dist. LEXIS 138384, at *5 (S.D. Fla. Dec. 21, 2010).

Affirmative defenses are also subject to the general pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). An affirmative defense must be stricken when the defense comprises no more

than bare-bones, conclusory allegations. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002).

### III.  DISCUSSION

Defendants concede that a number of their affirmative defenses are inartfully pled, and thus deficient. DE 43 at 8-9, 13, 15, and 17-18. The Court accordingly will strike Affirmative Defense Nos. 6, 8, 14, 18, and 24-25; Defendants may replead these defenses.

Plaintiff contends that Affirmative Defense No. 1, that Plaintiff was never an employee of Defendants but was instead an independent contractor, is a mere denial, and not an appropriate affirmative defense. DE 31 at 6. The Court agrees with Plaintiff that Affirmative Defense No. 1 is a denial of an element of Plaintiff's claims, instead of a true affirmative defense. However, when a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial. 5 Charles Alan Wright et al., Federal Practice and Procedure § 1269 (3d ed. Westlaw 2013); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608, 2007 U.S. Dist. LEXIS 61608, at *7-8 (S.D. Fla. Aug. 21, 2007). Thus the Court will treat Affirmative Defense No. 1 as a denial and will not strike it. Because Affirmative Defense Nos. 2, 5, 10, 15, 19-20, 23, and 26 [DE 24 ¶¶ 65, 68, 74-76, 81, 85-86, 89, 92], are also specific denials going to alleged failures of the Complaint, the Court will treat them as such and will not strike them.

In Affirmative Defense Nos. 3 and 4, Defendants contend that, in the event Plaintiff were found to be Defendants' employee, she nevertheless should be classified as an outside sales person, an executive, or an administrative person, and thus exempt from FLSA's minimum wage and overtime requirements. DE 24 ¶¶ 66-67. Plaintiff

4

argues that these defenses must be stricken because a defendant asserting that a plaintiff is an exempt employee must plead which specific exemptions apply. DE 31 at 6-7. Defendants have done just that, listing three potential exemptions; no further specificity is required. See 29 U.S.C. § 213(a)(1); Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (requiring defendant to replead defense to "identify the specific FLSA exemptions that are applicable"). Moreover, the plain text of Rule 8(d) allows for the pleading of inconsistent affirmative defenses in the alternative, thus Plaintiff's contention that Affirmative Defense Nos. 3 and 4 fail because they assert multiple inconsistent exemptions is without merit. See Fed. R. Civ. P. 8(d)(2), (3); Restorative Prods., Inc. v. D'Mannco, Inc., No. 94-1920, 1996 U.S. Dist. LEXIS 5805, at *8 (M.D. Fla. 1996) (allowing alternative pleading of inconsistent defenses). The Court shall allow Affirmative Defense Nos. 3 and 4 to stand.

Plaintiff contends that Affirmative Defense No. 7, of estoppel, is both a mere denial that Defendants employed Plaintiff, and is redundant. DE 31 at 8. To the contrary, the defense alleges that Defendants detrimentally relied upon Plaintiff's representations that she was an independent contractor to Defendant Jumpstart, and that Plaintiff is estopped from now claiming otherwise. DE 24 ¶¶ 70-71. Affirmative Defense No. 7 is thus neither a mere denial nor redundant, but is instead an appropriately pled defense of estoppel.

Affirmative Defense No. 9 states: "Any alleged breach of contract by the Defendant was excused by the prior breach of the alleged contract by the Plaintiff . . . ." DE 24 ¶ 73. This conclusory assertion fails to satisfy the requirements of Rule 8. Defendants do not identify how the contract was breached or how that breach excuses

5

Defendants' performance, and thus provide insufficient information to allow Plaintiff to respond to the defense. See Bell Atl. Corp., 550 U.S. at 555; Mid-Continent Cas. Co. v. Active Drywall S., Inc., 765 F. Supp. 2d 1360, 1361-62 (S.D. Fla. 2011) (striking vaguely pled defense of excuse of performance). The Court thus shall strike Affirmative Defense No. 9 with leave to replead.

Defendants' Affirmative Defense No. 11 claims a set-off against sums of money already paid by Defendants to Plaintiff. DE 24 ¶ 77. The Court rejects Plaintiff's contention that this defense lacks necessary detail. Given that this lawsuit concerns Defendants' allegedly insufficient payments to Plaintiff, Plaintiff is doubtless aware of any funds she may have received from Defendants and the relevance of such funds to this action. This defense thus causes no prejudice to Plaintiff. The Court shall allow Affirmative Defense No. 11 to stand.

Plaintiff is correct, however, that Affirmative Defense No. 12—that the FLSA is inapplicable to Plaintiff, thus the Court lacks subject matter jurisdiction—fails as conclusory. See DE 31 at 10. In opposition, Defendants argue that the defense is properly pled because Plaintiff is not an employee, thus the FLSA does not apply to confer jurisdiction. DE 43 at 12. The defense as pled, however, does not contain the level of necessary detail as to why the FLSA does not apply. See DE 24 ¶ 78. Because the Court may not go beyond the pleadings in evaluating a motion to strike, arguments in the opposition papers do not salvage the deficient defense. See Pandora Jewelers 1995, Inc., 2010 U.S. Dist. LEXIS 138384, at *5. Therefore the Court shall strike Affirmative Defense No. 12 with leave to replead.

Affirmative Defense Nos. 13, 16-17, and 21 also constitute vague legal conclusions unsupported by any factual allegations. See DE 24 ¶¶ 79, 82-83, 87. The Court will strike these defenses with leave to replead.

Affirmative Defense No. 22 asserts that the time for which Plaintiff seeks compensation is *de minimis*. DE 24 ¶ 88. Though admittedly sparse, this defense gives Plaintiff sufficient notice that Defendants believe any unpaid time is so insubstantial as to be uncompensable. See Dougan v. Armitage Plumbing, LLC, No. 11-1409, 2011 U.S. Dist. LEXIS 136995 (S.D. Fla. Nov. 29, 2011) (approving report and recommendation denying motion to strike sparsely pled *de minimis* defense). The Court will allow Affirmative Defense No. 22 to stand.

Plaintiff also argues generally that, because the affirmative defenses do not specify which counts in the Complaint they address, they should be stricken as shotgun pleading. DE 31 at 5. Shotgun pleading of defenses, by which a defendant's affirmative defenses respond not to a particular count but to the complaint as a whole, is disfavored for the confusion and burdensome litigation it tends to cause. Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Defendants' failure in this case to specify to which counts of the Complaint each affirmative defense pertains, however, does not justify striking of the defenses. Plaintiff pleads four interrelated causes of action, all asserting different theories of recovery arising from the same sequence of events. See DE 19 ¶¶ 32-61. The affirmative defenses likewise pertain to this unitary sequence of events. Discovery in this matter will not be unduly complicated by the development of the factual underpinnings of each affirmative defense in relation to this sequence of events. Moreover, Plaintiff pleads her claims under only four theories of recovery, and will not

7

be prejudiced by being required to consider how the affirmative defenses pertain to each of these few theories. Therefore, Defendants' failure to identify the counts each affirmative defense targets does not prejudice Plaintiff such as would justify striking of the defenses.[2]

### IV.  CONCLUSION

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant Nanci Bonar's Affirmative Defenses [DE 31], Plaintiff's Motion to Strike Defendant Ging's Affirmative Defenses [DE 32], Plaintiff's Motion to Strike Defendant Jeffrey Bonar's Affirmative Defenses [DE 33], and Plaintiff's Motion to Strike Defendant Jumpstart Wireless Corp.'s Affirmative Defenses [DE 34] are **GRANTED in part and DENIED in part**;

2. The Court hereby strikes Affirmative Defense Nos. 6, 8-9, 12-14, 16-18, 21, and 24-25, with leave to replead;

3. The Court shall not strike Affirmative Defense Nos. 1, 2, 5, 10, 15, 19-20, 23, and 26, and shall treat them as denials; and

4. The Court shall allow Affirmative Defense Nos. 3, 4, 7, 11, and 22 to stand.

---

[2] The Court has also considered Plaintiff's objections to each Defendant's boilerplate reservation of rights to raise further affirmative defenses. See DE 31 at 16. The boilerplate language causes no prejudice to Plaintiff and the Court shall not strike it.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of October, 2013.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF